## ANCHOR PACKING CO. v. CRANE PACK-ING CO.

### No. 4343.

Circuit Court of Appeals, Third Circuit.
Oct. 11, 1930.

Rehearing Denied Dec. 1, 1930.

Busser & Harding, of Philadelphia, Pa. (Geo. J. Harding and Frank S. Busser, both of Philadelphia, Pa., of counsel), for appellant.

Frank P. Davis and George Bayard Jones, both of Chicago, Ill., and Fraley & Paul, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and AVIS, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court holding claim 1 of United States letters patent No. 1,543,963 valid and infringed.

The patent was issued June 30, 1925, on application of Julian N. Walton, to the Crane Packing Company, to which it was assigned by him for improvements in metallic packing principally used in condensers, evaporators, and the like. Claim 1 only is in issue which is for a metallic packing ring formed of co-axial substantially cylindrical layers of metal deformed to a substantially continuous ring having smooth walls and an internal plaited structure presenting interfitting folds which affords easy further endwise compressibility in use and inward and outward radial expansibility.

The defendant, appellant here, contended in the District Court, and contends here, that the patent is invalid, because it was anticipated by the prior art, lacks patentable novelty, and, if limited to the structure illustrated and described in the patent, its own device or ring does not infringe.

The ring of the patent is a continuous or endless ring made of metallic, preferably lead, foil. In making it the material is flattened into a narrow ribbon which is rolled spirally on itself preferably on a mandrel several times to form a ring of definite thickness. The width of the ribbon is somewhat greater than the width of the final packing ring. A wide sheet of metal may also be used, rolled up, and thereafter cut into rings of the desired width. Each ring thus formed is then placed in a die as illustrated in figure 8 of the patent. It is thereafter subjected to pressure by a tubular member, 10, also illustrated in figure 8, to compress the ring vertically so as to make it narrower and somewhat thicker. During this operation the concentric layers of this sheet metal fold themselves back and forth forming a wavy line, the adjacent layers fitting into each other and forming substantially accordion plaited layers which fit closely into each other with the metal near the four outer surfaces folded more or less regularly together to form a solid mass with smooth outer walls.

The defendant says that the file wrapper limits the claim to this regular "accordion plaited structure," and, if it is sustained, it must be so limited. The court below did not think that the file wrapper compelled such a limitation. However, we do not find it necessary to decide this question.

The learned District Judge did seem to have entertained some doubts as to whether or not the patent had not been anticipated. After examining the prior art as illustrated in the patents to Hall, No. 1,501,541; to Beldam, No. 292,783; to Deventer, No. 1,256,881; to Leonard, No. 1,478,040; and others, he came to the conclusion that the internal structure of the plaintiff's ring had been anticipated and was not novel or patentable, and, if the patent is sustained, it must be based on some other element; and in this we think he was right. This other element he found in the continuity of the ring, its endless character, having no gap or split in it.

He said: "So far as I am able to see, the only advance in the art which the plaintiff's patent makes over the Crane patent discussed above, lies in the continuity of the rings. While this feature presents a very narrow margin of patentability, the testimony does show that a continuous ring has a substantial advantage over the split type, arising from the greater ease and speed with which

rings which have been pressed out of shape by rough handling (and this apparently happens in a great many cases) can be straightened for use."

We come to the question then of whether or not the continuity, or endless character, of the ring constitutes patentable novelty in the light of the prior art. This must be so, for we agree with the trial judge that the only advance which the patent in suit makes over the Crane patent, No. 1,151,344, is in its continuity.

There were endless rings in the prior art. This is illustrated in figure 2 of the Deventer patent, whose ring is formed from long flat fibres of metal twisted and compressed in a mould. The Hatfield patent, No. 1,205,345, also discloses a continuous packing ring which is made in the same manner as described in the plaintiff's patent and has the same structure, including the accordion plaiting. The Lightfall reissue patent, No. 6,661, has a continuous packing ring for condensers, formed from a strip of paper rolled spirally upon itself. The patents of Collins, No. 853,003, and Kirschning, No. 816,478, disclose endless rings which are made by winding or rolling a strip of flat flexible material into a ring which is compressed axially so that the adjacent coils form connections analogous to those produced by means of grooves.

It is true that the internal structure of some of the endless rings is not like the plaintiff's, but it is also true that the internal structure of some of the rings having a gap or split is like the plaintiff's.

Whether or not a ring was split or was endless in the prior art depended largely upon the use to which it was to be put. It was mostly a matter of convenience. The endless ring could be used only where there was a free end to the cylinder or rod around which it was to be placed as a packing. If there was a free end, the endless ring could be used, but, if not, the split ring had to be used.

In our opinion, it did not amount to invention to take a well-known split ring of the same internal structure and close the split or gap and make the ring endless, when endless rings of similar structure were in use and well known in the prior art. There was nothing inventively novel in closing the gap. This act did not require the exercise of inventive genius. Closing the gap is all that the present patent has over the Crane patent, No. 1,316,772.

Consequently the patent is invalid for want of novelty, and the decree of the District Court is reversed.